UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. TODD THACKER, TRUSTEE, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 725 SUPPLEMENTAL PENSION FUND | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO: 1:07-cv-01030-SEB-WTL<br>) |
| STEELE-BEARD ELECTRIC COMPANY, INC., | )<br>)<br>) |
| Defendant, | ) |

**AGREED JUDGMENT**

Based upon the pleadings on file, representations of counsel, and other documents filed in this cause, the Court hereby FINDS as follows:

Plaintiff Fund is a multi employer employee benefit fund, which Fund is administered in accordance with provisions of the Employee Retirement Income Security Act of 1974, as amended, and the Labor-Management Relations Act of 1947, as amended. The Fund is administered in the Southern District of Indiana.

The Defendant is the employer of certain beneficiaries of the Fund. The Plaintiffs have asserted jurisdiction under the Employee Retirement Income Security Act of 1974, as amended, and accordingly, the Court finds that it has jurisdiction over the parties, <u>in personam</u>, and that venue is properly in the Southern District of Indiana.

The Court finds that the Defendant has made available to the Plaintiffs certain

reporting forms which detail its employment of participants by Defendant for the period from November, 2007 through January, 2008. The Court finds that an examination of said reporting forms was conducted by the Plaintiffs, and the parties have amicably resolved all issues in dispute and have agreed upon an Order to be issued by this Court.

Based upon the Agreement of the parties, the Court finds that the Plaintiffs are entitled to Judgment in the amount of $13,173.71 for delinquent contributions. Plaintiffs additionally are entitled to recover their reasonable attorney fees, which total $975.00, plus costs of $350.00.

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs recover of Defendant the sum of $13,173.71, and that the Plaintiffs recover attorney fees, expenses and costs in the amount of $1325.00.

Plaintiffs shall not be entitled to execute on this judgment as long as the Defendant adheres to the following conditions:

1. Defendant shall, on or before April 2, 2008, remit the sum of $1,250.00 to the address directed by Plaintiffs. Thereafter, on or before the 30th day of April, 2008, and the 30th day of each succeeding month through the month of December, 2008, Defendant shall remit the sum of $1,500.00 in payment of this Judgment. On January 15, 2009, Defendant shall remit the sum of $673.71. Upon satisfaction of this paragraph, Plaintiffs shall release the balance of the judgment.

2. Should payment not be received at the foregoing address by the agreed upon terms of the parties, or should Defendant fail to adhere to paragraph three herein, the Plaintiffs shall have the right, after five days written notice to the Defendant, to execute on the judgment. They shall be entitled to collect the balance of the amount remaining unpaid, plus interest, plus liquidated damages of 20% of the judgment amount originally due, attorney fees and costs. Failure of Plaintiffs at any time to exercise their right to execute under this clause shall not constitute a waiver of their rights under this clause at any other time.

3. Defendant shall remain current in its obligations to the Fund during the term of this payment schedule.

Date:   4/18/08

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

APPROVED AS TO FORM:

For Plaintiffs:

/s/ Frederick W. Dennerline
Frederick W. Dennerline, III
Fillenwarth Dennerline Groth & Towe
1213 N. Arlington Ave., Ste. 204
Indianapolis, IN 46219

For Defendant:

/s/ Jason L. McAuley
Jason L. McAuley
BAUER & DENSFORD
P.O. Box 1332
Bloomington, IN 47402-1332

p/252fd